UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Hmong Vang, | Case No. 23-cv-721 (JRT/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Eischen, | |
| Respondent. | |

Before the Court is Petitioner Hmong Vang's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1.) In his Petition, Mr. Vang asks the Court to direct the Federal Bureau of Prisons ("BOP") to recalculate his Prisoner Assessment Tool Targeting Estimated Risks and Needs ("PATTERN") score without using his age as a risk factor. (*Id.*) Mr. Vang asserts that excluding his age from the calculation would entitle him to begin earning First Step Act time credits ("FTCs") at a higher rate. (*Id.*) Mr. Vang also filed a Motion for Expedited Relief in which he contends that if the BOP excluded his age from his PATTERN score, he would have been placed on home confinement on July 10, 2023. (Doc. 15.) The petition and motion come before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] and has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

---

[1] Mr. Vang does not bring his habeas petition pursuant to 28 U.S.C. § 2254. Nevertheless, the Court may apply the Rules Governing Section 2254 Cases to his petition. *See* Rule 1(b).

For the reasons below, the Court recommends that Mr. Vang's Petition be denied for lack of subject-matter jurisdiction, his Motion for Expedited Relief be denied as moot, and this action be dismissed without prejudice.

## BACKGROUND

On June 22, 2022, Mr. Vang pleaded guilty in the United States District Court for the Eastern District of Wisconsin to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922 (g)(1) and 924(a)(2). *See United States v. Vang*, Case No. 2:20-cr-209 (PP/SCD) (E.D. Wis. July 5, 2022) (Doc. 59). He was sentenced to a 22–month term of imprisonment, followed by two years of supervised release. (*Id.*) He is currently serving that term of imprisonment at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"). Mr. Vang is projected to be released from custody on November 18, 2023. *See* BOP, *Find an inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp (last accessed July 12, 2023).

### I.     The First Step Act

Congress enacted the First Step Act ("FSA") in 2018, in an effort to reduce the federal prison population while also creating mechanisms for maintaining public safety by reducing recidivism risk. Congressional Research Service, *The First Step Act of 2018: An Overview*, 1 (2019), https://crsreports.congress.gov/product/pdf/R/R45558/. Through the FSA, Congress directed the United States Attorney General to develop a risk and needs assessment system to determine the recidivism risk of each incarcerated person, their specific programing needs based on that assessed risk, and their classification according to their minimum, low, medium, or high risk for recidivism. 18 U.S.C. § 3632(a). The BOP

uses the assessment system, called the PATTERN tool, to determine the type of evidence-based recidivism reduction ("EBRR") programming and productive activities ("PA") most appropriate for each incarcerated person. 18 U.S.C. § 3632(a)(3), (5), (b). In addition to determining the most appropriate EBRRs and PAs, the BOP, under Congress's direction, uses the system as a guide for program grouping and housing assignment determinations to group people with similarly-assessed risk levels together. 18 U.S.C. § 3632(c). Congress also created a system of "time credits" and other incentives to encourage participation in EBRRs and PAs. 18 U.S.C. § 3632(d).

## II.     PATTERN score and FSA Time Credits

The BOP designed the PATTERN tool to assess both a person's risk of recidivism as well as their risk of violent or serious misconduct. 18 U.S.C. § 3632(a)(3). The tool assigns point values based on the following characteristics: age (at first conviction and at time of assessment), disciplinary history, number of programs completed, technical or vocational courses, Federal Prison Industries, Inc. ("UNICOR") employment, drug treatment and education, participation in the Inmate Financial Responsibility Program, sex-offender status (for men), criminal history score, history of violence, escape history, and education score. U.S. Dep't of Justice, *The First Step Act of 2018: Risk and Needs Assessment System*, 61–64 (2019), https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf; U.S. Dep't of Justice, *The First Step Act of 2018: Risk and Needs Assessment System – UPDATE* 9, 39–41 (2020), https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf.

The PATTERN tool assigns between 0 and 35 points, based in part on a person's current age. (*See* Doc. 11, Finckler Decl., Ex. B.) A person's overall PATTERN score is the higher number of their General or Violent Score. *Id.* Each recidivism risk level—minimum, low, medium, or high—is assigned a range of total points, and the range depends on a person's gender and whether they were convicted of a violent offense. *See The First Step Act of 2018: Risk and Needs Assessment System*, 66, Table 4. A person's PATTERN score is not set in stone, and the BOP is required to periodically reassess a person's recidivism risk. 18 U.S.C. § 3632(a)(4).

Congress included incentives in the risk and needs system to encourage participation in a person's assigned EBRR programming and PAs. *See* 18 U.S.C. § 3632(a), (d). Among these incentives are FSA "time credits" ("FTCs"). Under the FSA, eligible people who successfully complete their assigned EBRRs and PAs "shall earn 10 days of [FTCs] for every 30 days of successful participation in [EBRR] programming or [PAs]." 18 U.S.C. § 3632(d)(4)(A)(i). Additionally, a person whom the BOP determines to be at a minimum or low risk of recidivation, who does not increase their risk of recidivism over the course of two consecutive assessments, "shall earn an additional 5 days of [FTCs] for every 30 days of successful participation in [EBRR] programing or [PAs]." 18 U.S.C. § 3632(d)(4)(A)(ii).

FTCs "shall be applied toward time in pre-release custody or supervised release." 18 U.S.C. §§ 3632(d)(4)(c), 3624(g); 28 C.F.R. § 523.44(b)–(d). Pre-release custody includes either placement at a residential re-entry center ("RRC") or home confinement for the number of FTCs earned, *see* 18 U.S.C. 3624 (g)(2), and time limits on the length of

pre-release placement are waived, *see* 18 U.S.C. § 3624(g)(1). Under the FSA, if a person's sentence includes a period of supervised release, the BOP may transfer that person to begin their supervised release term at an earlier date not to exceed 12 months before their sentence ends. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

The BOP may apply earned FTCs toward pre-release custody or early transfer to supervised release under 18 U.S.C. § 3624(g) only if an eligible person has: (1) earned FTCs in an amount that is equal to the remainder of their imposed term of imprisonment; (2) shown a demonstrated recidivism risk reduction through periodic risk assessments or maintained a low or minimum recidivism risk; and (3) had the remainder of their term of imprisonment computed under applicable law. (Finckler Decl., Ex. F at 18.) *See also* 28 C.F.R. § 523.44(b).

The BOP assessed Mr. Vang's PATTERN score most recently on March 1, 2023. (Finckler Decl., Ex. C.) He is male and was 38 years old at the time of his assessment, so he received 21 points on his General Score and 12 points on his Violent Score based on those variables. (*Id.*) His total General Score was 36, which means he was assessed as a low risk for recidivism. His total Violent Score, however, was 25 because the BOP assessed his offense as violent, which made him a medium risk for recidivism. (*Id.*) Because the BOP assessed his Violent Score as a higher risk (medium) than his General Score (low), his overall PATTERN score was medium. (*Id.*)

Mr. Vang is eligible to earn FTCs under 18 U.S.C. § 3632(d). (Finckler Decl., Ex. E.) As of March 25, 2023, Mr. Vang earned FTCs at a rate of 10 days for every 30 days of

5

programing, and he has earned 70 days total of FTCs toward early release and 0 days total of FTCs toward pre-release placement in an RRC or home confinement. (*Id.*)

## ANALYSIS

In his Petition, Mr. Vang asks this Court to order the BOP to recalculate his PATTERN score without using his age as a risk factor. He alleges that without his age as a risk factor, his risk assessment score would change to a minimum or low, and he would be entitled to earn FTCs at a higher rate. In his Motion for Expedited Relief, Mr. Vang also contends that if he earned FTCs at the higher rate, he would have been placed on home confinement on July 10, 2023, rather than on the BOP's projected date of September 23, 2023. In response, the BOP asserts that this Court does not have subject-matter jurisdiction and should therefore dismiss Mr. Vang's Petition.

I.  **Mr. Vang's Petition presents only a question of statutory interpretation and so is exempt from the administrative remedy process.**

As a threshold matter, the Court first considers exhaustion. A person in federal prison seeking habeas corpus relief under 28 U.S.C. § 2241, like Mr. Vang, must first exhaust administrative remedies available to them. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) ("A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP.") (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam); *Rogers v. United States*, 180 F.3d 349, 357 (1st Cir. 1999)). However, Mr. Vang may be excepted from procedurally defaulting on administrative remedies if he "is able to show cause for his default, and that actual prejudice will result if his claims are procedurally barred." *Donnelly*

6

*v. Fed. Bureau of Prisons*, No. 10-cv-3105 (DWF/JSM), 2012 WL 2357511, at *4 (D. Minn. May 30, 2012) (quotation and citations omitted), *R. & R. adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012). "In order to satisfy the cause requirement to overcome a procedural default, a [person] must show that some external impediment prevented [them] from exhausting [their] administrative remedies[.]" *Id.* (quotations omitted). For example, a person may show cause if "proceeding through the administrative remedy process would undoubtedly be an exercise in futility that could serve no useful purpose." *See Aguilar v. United States*, No. 15-cv-487 (SRN/JSM), 2015 WL 5719166, at *2 (D. Minn. Sept. 29, 2015) (citing *Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004)).

There is no useful purpose to proceeding through the administrative remedy process where the petitioner presents a pure question of law. *See, e.g., Gurzi v. Marques*, No. 18-cv-3104 (NEB/KMM), 2019 WL 6481212, at *2 (D. Minn. Oct. 10, 2019) (excusing petitioner's failure to exhaust where the petitioner challenged the BOP's statutory interpretation), *R. & R. adopted*, 2019 WL 6464838 (D. Minn. Dec. 2, 2019); *see also Elwood*, 386 F.3d at 844 n.1 (waiving exhaustion requirement based on the government's concession that "continued use of the [administrative] grievance procedure to contest the validity of the BOP's new policy would be futile"); *Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3rd Cir. 2016) ("[W]e have determined that exhaustion is not required with regard to claims which turn only on statutory construction. This is especially so where it is unlikely that the agency will change its position, . . . or where the claims turn on broader question of legal interpretation.") (citation omitted).

7

In this case, Mr. Vang admits that he did not complete any steps in the BOP's administrative remedy procedure. However, he asserts that his claim is exempt from the administrative remedy process because his petition challenges statutory interpretation—a purely legal issue. Respondent does not address this argument in his brief.

The Court finds that Mr. Vang's claim presents a threshold question of law: whether the Court has the authority to order the BOP to recalculate his PATTERN score without using age as a risk factor. There is no factual dispute here; rather, this is a purely legal dispute over statutory interpretation. On this basis, this Court excuses Mr. Vang's failure to exhaust his administrative remedies and considers the merits of his claim.

## II. Habeas corpus may only be used to challenge the fact or duration of confinement itself.

"A district court may grant a writ of habeas corpus only if the petitioner 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Blocher v. Eischen*, No. 22-cv-678 (PJS/DTS), 2022 WL 1740649, at *3 (D. Minn. Nov. 3, 2022) (quoting 28 U.S.C. § 2241(c)(3)), *R. & R. adopted*, 2022 WL 17404447 (D. Minn. Dec. 2, 2022). A habeas petitioner may challenge only the fact or duration of his confinement. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). "When a [person] is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson v. Birkholz*, No. 21-cv-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022) (citing *Spencer*, 774 F.3d at 469–71; *Kruger*, 77 F.3d at 1073). The question at the outset, then, is whether a habeas petitioner has even

alleged a claim for which habeas relief is available. *Blocher*, 2022 WL 17406549, at *3; *see also Kruger*, 77 F.3d at 1073 ("The [petitioner's] label cannot be controlling.").

Although Mr. Vang characterizes his Petition as a challenge to the BOP's PATTERN score calculation, his Petition is fundamentally a challenge to the *place* of his confinement rather than the fact or duration of his confinement. In other words, Mr. Vang alleges that if not for his PATTERN score, he would be placed on home confinement rather than remain at FPC Duluth. He makes this clear in his motion, seeking (as a habeas remedy) adjustment of his home confinement date. (Doc. 15.) So while Mr. Vang purports to attack his PATTERN score, he does so "because it allegedly precludes his desired change in the conditions of his confinement: transfer to home confinement." *Kern v. Fikes*, No. 21-cv-2211 (WMW/LIB), 2022 WL 2959973, at *3 (D. Minn. June 16, 2022) (citation omitted), *R. & R. adopted*, 2022 WL 2953933 (D. Minn. July 26, 2022).

In this circuit and district, claims seeking home confinement as relief are considered claims challenging the *place* of confinement. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); *see also Williams v. Birkholz*, No. 20-cv-2190 (ECT/LIB), 2021 WL 4155614, at *6 (D. Minn. July 20, 2021) ("A prisoner is transferred to home confinement not released to home confinement because home confinement is a place of incarceration.") (citation omitted), *R. & R. adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). And, as noted above, Mr. Vang challenges only the place of his confinement, not his initial conviction or the length of his continued confinement. *See Pollock v. Kallis*, No. 20-cv-0359 (DSD/BRT), 2021 WL 3476627, at *4 (D. Minn. Apr. 6, 2021), *R. & R. adopted*, 2021 WL 2710013 (D. Minn.

July 1, 2021), *aff'd sub nom. Pollock v. Marske*, No. 21-2570, 2022 WL 1218640 (8th Cir. Apr. 26, 2022) (per curiam). Because he challenges a condition of his confinement, not the fact or duration of his confinement, "habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson,* 2022 WL 3135304, at *1 (citations omitted).

In short, "[t]he BOP has the exclusive authority to designate where [a person] will serve [their] sentence." *Blocher*, 2022 WL 17406549, at *3 (citing 18 U.S.C. § 3621(b)). Under 18 U.S.C. § 3621(b), the BOP "shall designate the place of the [person's] imprisonment" considering, among other things, "the history and characteristics of the [person][.]" Section 3621(b) states that, "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b); *see also United States v. Vang*, No. 16-cr-0277 (DWF/KMM), 2020 WL 4704875, at *2 (D. Minn. Aug. 13, 2020) ("Courts have consistently held that placement questions are not reviewable.") (citing 18 U.S.C. § 3621(b)) (collecting cases); *United States v. Murchison*, 865 F.3d 23, 28 n.8 (1st Cir. 2017) ("Determinations as to classification of [people] and eligibility to participate in certain programs are left to the BOP, not the courts.") (citations omitted). Thus, the BOP's placement decisions—including whether and when Mr. Vang is placed on home confinement—are not subject to judicial review, providing an additional basis for the Court's recommendation that his Petition be denied.

10

### III. The Court lacks subject-matter jurisdiction over BOP's PATTERN score assessment.

Even if Mr. Vang's petition was within the scope of those habeas matters the Court could consider (that is, attacks on the length or fact of confinement), the Court would still recommend denial of his petition and related motion because there is no subject-matter jurisdiction over an assessment and classification process that Congress has entrusted to the authority of the BOP to design and implement.

By way of review, Mr. Vang asks this Court to order the BOP to recalculate his PATTERN score without his age because without that variable he could be placed on home confinement as early as July 10, 2023, instead of on September 25, 2023. (Doc. 1 at 2, 8; Doc. 15 at 2.) As discussed above, in 18 U.S.C. § 3632, Congress directs the BOP to develop and release publicly a risk and needs assessment system as a classification tool. 18 U.S.C. § 3632(a). The Eighth Circuit has held that district courts do not have jurisdiction over habeas petitions challenging BOP custody classifications. *Pollock*, 2022 WL 1218640, at *1; *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) ("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison . . . [t]he same is true of prisoner classification and eligibility for rehabilitative programs in the federal system[.]"); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . .

and is not otherwise violative of the Constitution.'"); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (holding that "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation") (citing *Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1992)). As such, Mr. Vang has no constitutionally protected liberty interest in his PATTERN score calculation and resulting recidivism risk level. *Accord Newell v. Fikes,* No. 22-cv-0053 (LGW/BWC), 2023 WL 2543092, at *3 (S.D. Ga. Feb. 21, 2023), *R. & R. adopted*, 2023 WL 2541126 (S.D. Ga. Mar. 16, 2023) (citing *Prince v. Fikes*, No. 21-cv-0643 (MJD/BRT), 2021 WL 2942311, at *3 (D. Minn. June 16, 2021) (rejecting argument petitioner entitled to time credits claimed because federal prisoners have no right to a particular security or custody classification) *R. & R. adopted*, 2021 WL 2936656 (D. Minn. July 13, 2021).

**IV.     Mr. Vang's Motion for Expedited Relief.**

Because the Court recommends denial of Mr. Vang's Petition for lack of subject-matter jurisdiction, the Court also recommends denial of his Motion for Expedited Relief as moot.

**V.      An Evidentiary Hearing is Not Necessary.**

Finding that Mr. Vang's Petition fails to state a claim, that even if true, would be cognizable in a federal habeas corpus proceeding, the Court determines that an evidentiary hearing is not necessary. *Edgemon v. Lockhart*, 768 F.2d 252, 255 (8th Cir. 1985).

## RECOMMENDATION

Based on the above, and on all the files, records, and proceedings in this action, **IT IS RECOMMENDED** that:

1) Petitioner Hmong Vang's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (Doc. 1), be **DENIED** for lack of subject-matter jurisdiction;

2) Mr. Vang's Motion for Expedited Relief, (Doc. 15), be **DENIED AS MOOT**; and

3) This matter be **DISMISSED WITHOUT PREJUDICE**.

Date: August 1, 2023

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).